IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHELE MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. CIV-09-673-C |
| vs. | ) | |
| | ) | |
| MICHAEL CRAGE, in his capacity as an | ) | |
| Employee of the UNITED STATES | ) | |
| DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a civilian employee of the United States Army Cadet Command at Cameron University, filed a Petition for Protective Order in Comanche County District Court, which Defendant subsequently removed to federal court. In her Petition, Plaintiff alleges that Defendant, a Sergeant in the United States Army, violated a "no-contact" order issued by his supervisor at Cameron University. The "no-contact" order is part of an ongoing investigation by the Equal Employment Opportunity Commission. Defendant filed a Rule 12(b)(1) motion to dismiss, arguing that Title VII preempted Plaintiff's Petition since it is based upon the same facts as her Title VII claim. The Court issued an Order on October 16, 2009, requesting that Plaintiff show cause why Defendant's motion should not be granted. To this date, Plaintiff has not filed a response.

The proper standard for reviewing a Rule 12(b)(1) motion is set forth in Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

> [M]otions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter

>jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
>Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

(Citations omitted.) In the present case, Defendant argues that Plaintiff's Petition is preempted by Title VII. Because this goes beyond merely challenging the sufficiency of the complaint, the Court may consider affidavits and other documents to resolve the dispute without converting the claim into a Rule 56 motion for summary judgment. Id.

It is well-settled that Title VII provides the exclusive remedy for claims of discrimination in federal employment. Ford v. West, 222 F.3d 767, 773 (10th Cir. 2000). Accordingly, "when a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not sufficiently distinct to avoid' preemption." Pfau v. Reed, 125 F.3d 927, 932 (5th Cir. 1997) (abrogated on other grounds) (citation omitted).

In this case, the Court is presented with a very limited set of facts regarding Plaintiff's request for a protective order, and absolutely no facts associated with any EEOC complaint. In her Petition, Plaintiff alleges that after Defendant was directed to stay away from her, he showed up at her workplace on numerous occasions and has driven by her house and parked in the parking lot at Cameron University, all in violation of the "no-contact" order.

Defendant argues that these facts are the same as those facts currently being addressed in the context of Plaintiff's EEOC complaint, and Plaintiff does not dispute this assertion. Therefore, the Court finds that it is without jurisdiction to consider Plaintiff's Petition.

Accordingly, Defendant's Motion to Dismiss (Dkt. No. 4) is GRANTED. Plaintiff's Petition is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 16th day of November, 2009.

ROBIN J. CAUTHRON
United States District Judge